GORDON E. GANKA, DIRECTOR OF RATES AND SERVICES, NEBRASKA STATE RAILWAY COMMISSION, APPELLEE, v. CHICAGO & NORTH WESTERN RAILWAY COMPANY, CHICAGO, ILLINOIS, APPELLANT.

191 N. W. 2d 438

Filed October 29, 1971.  No. 37908.

Harry B. Otis of Gaines, Spittler, Neely, Otis & Moore and Christopher A. Mills, for appellant.

Clarence A. H. Meyer, Attorney General, Chauncey C. Sheldon, and John E. Finnigan, for appellee.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, NEWTON, and CLINTON, JJ.

McCOWN, J.

A formal complaint was filed before the Nebraska State Railway Commission charging the railroad with a willful failure to provide reasonably adequate and continuous service on its line from Seward, Nebraska, to Superior, Nebraska. The complaint prayed that a hearing be held and the railroad ordered to repair its facilities and equipment, place its line in a safe operating condition, and provide reasonably adequate and continuous service on the line. After hearing, the commission entered its order requiring the railroad to repair a bridge previously washed out by a flood and to provide at least twice weekly train service from Seward to Superior.

The railroad contends that the power of the commission is circumscribed by statute, and that the enforcement of its orders is limited to those methods and remedies affirmatively and specifically authorized by statute.

The Nebraska State Railway Commission is a constitutional body in this state. A portion of Article IV, section 20, Constitution of Nebraska, provides: "* * * The powers and duties of such commission shall include the regulation of rates, service and general control of common carriers as the Legislature may provide by law. But, in the absence of specific legislation, the commission shall exercise the powers and perform the duties enumerated in this provision."

The Legislature has also provided that the commission shall have power to regulate the rates and services of, and exercise general control over, all common carriers. See § 75-109, R. R. S. 1943.

Section 75-401, R. R. S. 1943, provides that the commission shall have and exercise jurisdiction over "the

service, facilities, and equipment of all railroad carriers in this state."

The railroad points to the fact that the commission has a specific statutory right to enjoin a common carrier from operating while its equipment, or the manner of its conduct and management, are in an unsafe and dangerous condition. See § 75-115, R. R. S. 1943. This, says the railroad, establishes the legislative intent to limit the commission's enforcement remedies in such cases to an injunction against operation. We cannot agree.

Our constitutional and statutory provisions make it clear that the commission is authorized to regulate rates and services and have general control of common carriers within this state as the Legislature may provide by law, and it is not amenable to legislative interruption or limitation of its status or powers except by specific legislation. See State ex rel. State Railway Commission v. Ramsey, 151 Neb. 333, 37 N. W. 2d 502.

At this point, it should be noted also that the Legislature has now removed the foundation stone of the railroad's argument, at least as to future disputes, by amending section 75-115, R. R. S. 1943. That section now affirmatively authorizes the commission not only to enjoin operations of a carrier but to order the carrier to make such reasonable improvements of its service, facilities, and equipment as are necessary. See § 75-115, 1971 Supp.

While the railroad makes the gesture of objection to the sufficiency of the evidence, there is no real question but that the evidence was sufficient to support the order of the commission. The determination of what is consistent with the public interest, or public convenience and necessity, is one that is peculiarly for the determination of the commission. If there is evidence to sustain the findings of the commission, this court cannot intervene. Ace Gas, Inc. v. Peake, Inc., 184 Neb.

448, 168 N. W. 2d 373. The order of the commission should therefore be affirmed.

After the entry of the order here, the railroad filed an application before the Interstate Commerce Commission for authorization to abandon the railroad line. This matter was not a part of the record before the commission, but has been called to the attention of this court and discussed in the briefs. The commission concedes the proposition that the Interstate Commerce Commission has exclusive and plenary jurisdiction over the abandonment of a branch line of the railroad even though that line is located wholly within a state. See Colorado v. United States, 271 U. S. 153, 46 S. Ct. 452, 70 L. Ed. 878. The commission has suggested that it would be appropriate for this court to modify the order by providing that the railroad need not comply until and unless there is a denial of the application for abandonment now pending before the Interstate Commerce Commission. Because of the nature and posture of an appeal from the commission to this court, we deem it inappropriate for this court to enter a modification of the order. Modification may be made at any time by the commission. In the event the commission fails to enter an appropriate modification or attempts to enforce its order prematurely, these matters may be called to the attention of any court having jurisdiction of the enforcement proceedings.

The order of the commission is therefore affirmed.

AFFIRMED.